UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD W. PETRARCA, | ) |
| Plaintiff, | ) Case No. 2:15-cv-001231-RFB-CWH |
| v. | ) |
| DR. ROMEO ARANAS, *et al.*, | ) ORDER |
| Defendants. | ) |

## I.   DISCUSSION

Currently pending before the Court is Plaintiff's Motion for Reconsideration of Plaintiff's Motion Seeking Appointment of Counsel. (ECF No. 17.) On January 6, 2016, the Court issued a screening order allowing Plaintiff to proceed on his Eighth Amendment deliberate indifference claim against Dr. Gedney and Does 1-12, and allowing leave to amend on his other claims. (ECF No. 14.) The Court denied Plaintiff's initial request for counsel. (*Id*. at 8.)

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WCG, 2013 WL 593407, at *1 (D. Nev. Feb.

13, 2013) (stating that this Court applies the Rule 59(e) standard to motions for reconsideration of interlocutory orders). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

Plaintiff's allegations in his complaint (ECF No. 15) center around the lack of treatment for an eye condition that may result in the loss of eyesight in both eyes. In his motion for reconsideration, Plaintiff alleges that he had eye surgery performed on December 3, 2015, and a follow-up surgery is required. (ECF No. 17 at 5.) He states that currently he is partially blind in both eyes and that he has considerable difficulty reading and writing and that doing so causes considerable pain, irritation, and discomfort. (*Id*. at 5-6.) While he awaits a second surgery, he has been placed on strong narcotics as well as a steroid and another medication that cause dizziness, nausea, and vomiting. (*Id*. at 6.) He has been instructed by the eye specialist to keep a clear plastic shield taped over his left eye, which makes it difficult to wear eyeglasses that are necessary for him to be able to read and write. (*Id*.) Plaintiff states: "I cannot timely address these legal matters and at the same time comply with the recommended course of medical action..." (*Id*.)

Under "exceptional circumstances," the Court may request an attorney to represent a person who is unable to afford an attorney. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quotation omitted); 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quotation omitted).

The Court has carefully reviewed Plaintiff's allegations upon reconsideration. While Plaintiff is at the early phases of his case, the Court found that he stated a colorable deliberate indifference claim in his original complaint and allowed him leave to amend his other allegations. In his motion, Plaintiff alleges that reading and writing are extremely difficult for him at this stage of his medical treatment. (ECF No. 17 at 5-6.) He has been

2

directed to wear an eye shield to aid in his treatment, yet this prevents him from being able to read and write and pursue his legal case. (*Id*.) The Court finds this case present a unique set of circumstances where the very allegations at the heart of Plaintiff's complaint, his eye condition, is what is preventing him from pursuing his case. The Court therefore finds that reconsideration of its original order on Plaintiff's request for counsel is justified. The Court further finds that exceptional circumstances exist warranting the appointment of an attorney to represent Plaintiff for the limited purpose of assisting Plaintiff through the inmate mediation stage.

As the case currently stands, Plaintiff has been allowed to proceed on one claim of deliberate indifference to a serious medical need. Plaintiff's deadline for amending his complaint is May 2, 2016. (ECF No. 21 at 1.) If Plaintiff does not file an amended complaint, his case will proceed to the inmate mediation program on the deliberate indifference claim. (*See* ECF No. 14.) If Plaintiff amends his complaint, the Court will screen the amended complaint and if it states a colorable claim, or claims, the Court will refer the case to the inmate mediation program.

The Court will refer the case to the Court's Pro Bono Pilot Program to attempt to find an attorney to accept Plaintiff's case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. If counsel is found for Plaintiff, he will be contacted by counsel. Plaintiff is reminded that until counsel is appointed, he is still responsible for complying with all deadlines in his case. Again, the appointment of counsel will be for the limited purpose of assisting Plaintiff through the inmate mediation stage, including the drafting of an amended complaint, if amending the complaint is the desired course of action. If counsel is found, an order appointing counsel will be issued by the Court and Plaintiff will be contacted by counsel.

## II. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of Plaintiff's Motion Seeking Appointment (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pilot Pro Bono Program adopted in General Order 2014-01 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for Plaintiff.  The scope of the appointment will be for the limited purpose of representing Plaintiff through the inmate mediation stage, including the drafting of an amended complaint if that is the desired course of action.  Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed.  If counsel is found, an order appointing counsel will be issued by the Court and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: March 7, 2016.

_____
United States Magistrate Judge